IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEROME BROWN )
    Petitioner, )
     )
  v. ) Civil Action No. 12-0710
     ) Criminal Action No. 08-0098
UNITED STATES OF AMERICA, )
    Respondent. )

MEMORANDUM ORDER

Gary L. Lancaster,                                 November 30, 2012
Chief Judge.

      This is an action to vacate, set aside, or modify sentence pursuant to 28 U.S.C. § 2255. [crim. doc. no. 126]. On August 5, 2009, petitioner Jerome Brown was convicted of distribution of crack cocaine in excess of 50 grams. This court imposed a sentence of 240 months incarceration and ten years supervised release on December 11, 2009.

      Petitioner argues that he was deprived of effective assistance of counsel prior to trial, during trial, and upon appeal. Petitioner also argues that prosecutorial misconduct was committed and that this court committed error by failing to grant a mistrial sua sponte.

For the reasons that follow, petitioner's motion to vacate sentence will be denied without a hearing.[1]

**Background**

Petitioner was arrested in a controlled drug buy on July 17, 2006 and was indicted on February 27, 2008. [crim. doc. no. 1]. Petitioner had attempted to sell 53.6 grams of crack to a Drug Enforcement Agency ("DEA") confidential informant. On August 5, 2009, a jury found petitioner guilty of distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base.

**Petitioner's Claims**

Petitioner argues he is entitled to relief on the following grounds.

1. **Trial counsel failed to allege that the delay between the alleged crime and the indictment impaired petitioner's right to a fair and speedy trial because the delay made it impossible for him to investigate and establish an alibi defense.**

Petitioner argues that his trial counsel failed to make a specific argument before trial about the way in which pre-

---

[1] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008). Based on our review of the motion, the response and reply thereto, and the record in this case, we hold that a hearing is not required here because it is clear that petitioner is not entitled to relief.

indictment delay impaired his preparation of an alibi defense. Petitioner claims this violated his right to a speedy trial.

The accusation of improper pre-indictment delay can arise under a Sixth Amendment speedy trial claim, a Fifth Amendment Due Process claim, or a statute of limitations claim.

### a. Sixth Amendment Speedy Trial Claim

The right to a speedy trial is found in the Sixth Amendment to the United States Constitution. United States v. Gouveia, 467 U.S. 180, 190 (1984). The Supreme Court of the United States held that the Sixth Amendment speedy trial right "may attach before an indictment and as early as the time of 'arrest and holding to answer a criminal charge.'" Id. (citing United States v. MacDonald, 456 U.S. 1, 6-7 (1982)); United States v. Lovasco, 431 U.S. 783, 788-89 (1977). The speedy trial right exists primarily to protect an individual's liberty interest and to minimize the possibility of lengthy incarceration prior to trial. Gouveia, 467 U.S. at 190 (citing United States v. MacDonald, 456 U.S. at 8).

To prevail on a Sixth Amendment speedy trial claim, petitioner must convince the court to rule in his favor on a four-part balancing test set forth by the Supreme Court of the United States in Barker v. Wingo, 407 U.S. 514, 530 (1972). The four factors are: length of delay, the reason for the delay, the

3

defendant's assertion of his right, and prejudice to the defendant. Id. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id. The Supreme Court has suggested that delays of one year or more trigger an analysis of the remaining Barker factors. VanLier v. Carroll, 384 F. App'x 155, 158 (3d Cir. 2010) (citing Doggett v. United States, 505 U.S. 647, 652 n.1 (1992)). Because the delay here was longer than one year, the analysis must move to the remaining Barker factors.

The second factor is the reason for the delay. The government must pursue a case with reasonable diligence and may not delay to gain some impermissible advantage at trial. See Doggett, 505 U.S. at 531. Here, gaining an impermissible advantage is exactly what petitioner's trial counsel argued in a pre-trial motion that was denied by this court. [crim. doc. no. 115, p.5, line 14 & p. 40, line 8]. Although the reason for the argument at that time was petitioner's ability to post bond and not his ability to prepare an alibi defense, petitioner admits in the instant motion that trial counsel "made a very strong and able argument about the tactical advantage the government had gained by delaying the indictment." [crim. doc. no. 127, p. 4]. This court denied the argument then and again refuses the same argument in regards to this factor. [crim. doc. no. 115, p. 41,

4

lines 11-12]. We find that petitioner has not established that the government delayed his indictment to gain some impermissible advantage at trial.

The third factor is the defendant's assertion of his right. A defendant is responsible for asserting a speedy trial claim. Barker, 407 U.S. at 529. Here, petitioner raised what amounted to a speedy trial claim at a pre-trial motions hearing by arguing that the pre-indictment delay was too long. Petitioner has satisfied this factor.

The fourth factor is the prejudice to the defendant. Petitioner must demonstrate non-speculative prejudice. See United States v. Robles, 129 F. App'x 736, 738 (3d Cir. 2005); United States v. Gilbert, 266 F.3d 1180, 1138 (9th Cir. 2001) (explaining in a Fifth Amendment context that petitioner must demonstrate non-speculative prejudice caused by a delay). This factor is to be assessed in the light of the interests that the speedy trial right was designed to protect. Barker, 407 U.S. at 532. These interests are to prevent oppressive pre-trial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired. Id. The most serious is the last. Id.

Here, petitioner argues based on the last interest. He argues that his ability to prepare an alibi defense was impeded by the delay at issue. However, as the government points out,

5

petitioner does not allege facts identifying a specific alibi witness or proffer evidence or prospective exculpatory testimony probative of petitioner's innocent whereabouts. Even though incarcerated, petitioner could have provided any useful information to his attorney. Because petitioner fails to allege anything more than speculative prejudice, he does not meet the final Barker factor.

Because petitioner cannot establish the second and fourth Barker factors, he has failed to meet his burden and the analysis must continue to a Fifth Amendment Due Process claim.

### b. Fifth Amendment Due Process Claim

The Supreme Court of the United States established a two-prong test for deciding whether pre-indictment delay violated the Fifth Amendment's Due Process clause. Snyder v. Klem, 438 F. App'x 139, 141 (3d Cir. 2011) (citing United States v. Lovasco, 431 U.S. 783, 789 (1977) and United States v. Marion, 404 U.S. 307, 325 (1971)). First, petitioner must show that the delay between the crime and the federal indictment actually prejudiced his defense. Second, petitioner must show that the government deliberately delayed bringing the indictment to obtain an improper tactical advantage or to harass him. Snyder, 438 F. App'x at 141 (citing United States v. Beckett, 208 F.3d 140, 150-51 (3d Cir. 2000)).

6

The inquiry must consider "'the reasons for the delay as well as the prejudice to the accused,' such that no deviation from 'fundamental conceptions of justice' is evidenced." Snyder, 438 F. App'x at 141 (quoting Lovasco, 431 U.S. at 790). Not every delay-caused detriment to a defendant's case should render relief, just as a court should not throw out a case because it disagrees with a prosecutor's judgment as to when to seek an indictment. See Marion, 404 U.S. at 324-25; Lovasco, 431 U.S. at 790.

Here, petitioner cannot prove either of the two prongs of the due process test.

Petitioner cannot meet the first prong, which requires him to show that the delay between the crime and the federal indictment actually prejudiced his defense. Snyder, 438 F. App'x at 141. Petitioner does not offer any facts or proffer any evidence to identify an alibi witness, exculpatory testimony, or his innocent whereabouts. Rather, petitioner relies on the argument that he was unable to do any of the above because of his incarceration. Petitioner fails to allege anything more than speculative prejudice and, therefore, he does not meet his burden. See United States v. Gilbert, 266 F.3d 1180, 1188 (9th Cir. 2001) (explaining in a Fifth Amendment context that petitioner must demonstrate non-speculative prejudice caused by a delay).

7

Petitioner cannot meet the second prong of the due process test, which requires him to show that the government deliberately delayed bringing the indictment to obtain an improper tactical advantage or to harass him. Snyder, 438 F. App'x at 141. This court already rejected this argument from Petitioner's trial counsel, who argued that the pre-indictment delay was due to the government's intention to gain an advantage. [crim. doc. no. 115, p. 41, lines 6-11].

Because petitioner cannot establish either prong of the Fifth Amendment test for pre-indictment delay, the analysis must continue to a statute of limitations claim.

### c. Statute of Limitations Claim

Petitioner was protected by the applicable statute of limitations. The statute of limitations is the law's mechanism to guard against possible prejudice resulting from the passage of time between crime and charge. See Marion, 404 U.S. at 464. The five year statute of limitations for non-capital offenses governs the time limit within which the government must bring an indictment. Beckett, 208 F.3d at 150. See also 18 U.S.C. § 3282. Here, the indictment was brought well within the five year statute of limitations period. Petitioner was arrested in a controlled drug buy on July 17, 2006 and was indicted on February 27, 2008. [crim. doc. no. 1].

## 2. Appellate counsel failed to raise Petitioner's speedy trial claim.

Petitioner argues that appellate counsel was ineffective for not raising a speedy trial claim on appeal.

To prevail on an ineffective assistance of appellate counsel claim, petitioner must show that his appellate counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, if counsel had raised the error, his appeal would have turned out differently. Tomlin v. Britton, 448 F. App'x 224, 228 (3d Cir. 2011).

Here, assuming arguendo that the speedy trial issue could be raised on appeal for the first time and could be reviewed de novo, there is no reasonable probability that the appeal would have turned out differently. If appellate counsel had raised the speedy trial issue at the appellate level, as petitioner does here, the issue would have been subjected to the same speedy trial analysis just completed and would have been decided the same way. Where an argument is lacking support in the law or facts, counsel is not ineffective for failing to raise that argument. See Thomas v. Horn, 570 F.3d 105, 121 n.7 (3d Cir. 2009).

### 3. **Defense counsel failed to demand independent pre-trial analysis of the crack cocaine.**

The crime laboratory report indicated that the weight of the crack was 53.6 grams. Petitioner contends that with a weight so marginally in excess of 50 grams, trial counsel was ineffective during the pre-trial stage for stipulating to the crime laboratory's reported weight rather than filing a motion for a court order directing the DEA to deliver the exhibit to an independent laboratory. Petitioner argues that, had the weight of the crack been assessed at less than 50 grams, the minimum mandatory penalties then in effect would have been less severe.

The test for determining whether counsel was ineffective was established by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984). There, the Court held that to be successful on an ineffective assistance of counsel claim, a criminal defendant must show that counsel's representation was objectively deficient and that this deficient representation prejudiced the defense. United States v. Nguyen, 379 F. App'x 177, 179-80 (3d Cir. 2010) (citing Strickland, 466 U.S. at 687). The court must determine that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Nguyen, 379 F. App'x at 180 (citing Strickland, 466 U.S. at 694). The party claiming ineffective assistance of counsel

10

bears the burden of proof and must satisfy both prongs of the Strickland test to be afforded relief. Nguyen, 379 F. App'x at 180.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Nguyen, 379 F. App'x at 180 (citing Strickland, 466 U.S. at 689). In Strickland, the Supreme Court discussed the interplay between an attorney's duty to investigate a matter and her strategic choices regarding that matter. Gov't of the V.I. v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996) (citing Strickland, 466 U.S. at 690-91). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 690-91.

Here, there is no reason to overcome the heavy measure of deference accorded to counsel's pre-trial judgments. There was no basis in fact to believe that the weight of the crack would report at less than 50 grams if tested at an independent laboratory instead of the state crime laboratory. Counsel invested pre-trial time and resources in preparing a defense that was based on something other than a mere whim. In petitioner's case-in-chief, he did not challenge the honesty or reliability of the crime laboratory. In fact, in his closing

11

argument, petitioner's counsel stated, "I'm not disputing [Andrea Cabbagestalk] brought crack to [petitioner] because Officer Hansell submitted it to the lab." [crim. doc. no. 112, pp. 105, lines 12-13]. Petitioner's counsel did not argue whether the evidence was, in actuality, illegal narcotics because there was no reason to distrust the crime laboratory. This is why petitioner's counsel did not seek independent testing of the weight of the evidence. His decision not to investigate was reasonable under all of the circumstances.

4. **Defense counsel failed at the suppression hearing to demand documentary proof that the informant voluntarily participated in the controlled buy alleged in the indictment.**

Petitioner argues that defense counsel was ineffective for failing to inquire into the voluntariness of the confidential informant by making an argument based on Federal Rule of Criminal Procedure 26.2 or the Jenks Act, 18 U.S.C. § 3500.

The government has the burden of proving a confidential informant's consent. United States v. Davis, 799 F.2d 1490, 1492 (11th Cir. 1986). The burden can be met by testimonial or circumstantial evidence. Id. Consent can be shown by circumstantial evidence that a confidential informant knew he or she was being recorded by authorities. See Id. A promise of leniency does not amount to coercion. United States v. Gladney,

563 F.2d 491 (1st Cir. 1977) (citing United States v. Silva, 449 F.2d 145 (1st Cir. 1971)).

Here, at the suppression hearing, the government presented testimony from a state police officer that the informant was both present and consenting when audio and video surveillance was setup and used during the controlled buy. [crim. doc. no. 115, pp. 11-28]. Because the government met its burden, there is no reasonable probability that, had counsel demanded documentary proof, the result of the proceeding would have been different. See Nguyen, 379 F. App'x. at 180 (citing Strickland, 466 U.S. at 694).

5. **The Assistant United States Attorney committed prosecutorial misconduct by offering evidence of petitioner's prior drug deals and the court committed error by not declaring a mistrial sua sponte.**

Petitioner next argues that the prosecutor raised Petitioner's past drug dealing activity on direct examination of a witness after the Court instructed the parties to not raise such matters. Petitioner argues that this court should have declared a mistrial sua sponte and that the Court's charge to the jury was "too little and too late" in correcting any prejudice.

The inquiry in a claim of prosecutorial misconduct is whether the complained of behavior so infected the trial with

13

unfairness as to make the resulting conviction a denial of due process. Rolan v. Coleman, 680 F.3d 311, 321 (3d Cir. 2012) (citing Green v. Miller, 483 U.S. 756, 765 (1987)). "When a defendant contends that a prosecutor's question rendered his trial fundamentally unfair, it is important 'as an initial matter to place the remark in context.'" Greer v. Miller, 483 U.S. 756, 766 (1987) (quoting Darden v. Wainwright, 477 U.S. 168, 179 (1986)).

A trial judge has wide discretion in deciding what factual situations merit the grant of a mistrial. United States v. Medina, 175 F. App'x 541, 543 (3d Cir. 2006).

Placing the remark in context, the court instructed the jury that the only conduct about which the jury was to deliberate was the distribution of cocaine base on July 17, 2006. [crim. doc. no. 112, p. 89, lines 2-4]. Given that the court specifically instructed the jury to consider only the conduct on July 17, 2006, it is not reasonable to conclude that the trial was rendered fundamentally unfair.

### 6. **Petitioner's other grounds for relief**

I have considered petitioner's other grounds for relief and find they have no merit. Accordingly, the relief petitioner seeks is denied.

14

For the foregoing reasons, IT IS HEREBY ORDERED that the motion to vacate, set aside, or modify sentence pursuant to 28 U.S.C. § 2255 [crim. doc. no. 126] IS DENIED.

BY THE COURT,

_____, C.J.